UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:06-CR-126-TAV-HBG |
| CHARLIE EDWARD GORDON, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 32]. On January 25, 2007, the defendant was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (count four). He was sentenced to 121 months' imprisonment on May 16, 2007. That sentence was reduced to 120 months' imprisonment, the statutory mandatory minimum, on May 21, 2012 [Doc. 31].

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced

statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motion in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 36], the Court held the defendant's motion in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion [Doc. 32] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 3:06-cr-00126-TAV-HBG   Document 37   Filed 04/10/14   Page 2 of 2   PageID #: 38