UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-126-TAV-HBG |
| CHARLIE EDWARD GORDON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for early termination of supervised release [Doc. 38].

On May 24, 2007, this Court sentenced the defendant to 121 months' imprisonment, followed by a five-year term of supervised release, for his conviction of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A) [Doc. 26]. The defendant began his term of supervised release on July 28, 2014.

Section 3583(e)(1), United States Code, title 18, provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

The defendant asserts that he should be granted early termination because he has worked hard to better himself over the past few years [Doc. 38]. He has maintained a full-time job since his release, and he states that he has "not had any trouble with the law" [*Id.*]. The defendant notes that he recently got married and that he has a "strong support system" [*Id.*]. He specifically asks the Court to terminate his supervised release at this time because he wants to take his wife on an anniversary trip [*Id.*].

Probation confirms that the defendant has maintained full-time employment and a stable residence with his wife and children since his release. It notes that the defendant has, in fact, come in contact with law enforcement on one occasion, when he received a speeding ticket in March 2015. At that same time, the defendant travelled out of state without permission in order to help his sister, who was stranded on the side of the road. Probation states that these events were the defendant's only instances of non-compliance. He has consistently tested negative on drug screens, and Probation does not believe that the defendant poses a risk to public safety. He has served over half of his term of supervised release and, therefore, meets the statutory requirements. The defendant does not, however, meet the criteria for early termination according to Probation's national policy due to the defendant's assault conviction in 2004, and his domestic assault conviction in 2006.

The government opposes the defendant's request for early termination. It notes that the defendant was "less than forthcoming" regarding his contact with law enforcement and his leaving the state without permission. The government argues that

the defendant has merely complied with the "bare minimum requirements of federal supervision" and that his conduct does not warrant early termination. The government also contends that the defendant's prior convictions justify denial of his request.

After carefully considering the government's objections, the Probation Office's assessment, and the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3553(a) support early termination of the defendant's supervised release. In support of this determination, the Court notes that the defendant has completed more than half of his term of supervised release, that the defendant has been taking steps to improve his prospects for the future, and that he has been compliant with his terms of release, aside from a limited occasion due to extraordinary circumstances.

In sum, the Court "is satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **GRANTS** the defendant's motion [Doc. 38]. The defendant's supervised release is hereby **TERMINATED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE